# Wytheville.

## JOHNSON V. ROANOKE LAND AND IMPROVEMENT COMPANY.

### JULY 15th, 1886.

EQUITABLE JURISDICTION AND RELIEF—*Remedy at law—Case at bar*—
Contract, clause eight, reads: "No work shall be considered extra
unless a separate estimate in writing for the same be submitted by
the contractor to the architect and their signatures be obtained
thereto." Contractor was entitled to, and demanded, but could not
get copy of contract until work was completed; during progress
whereof, various alterations in the plans were made by employer,
which he refused to pay for, because not made according to clause
eight. Contractor brought covenant. Objection was sustained
against any evidence as to alterations, for that reason. The action
was dismissed; and contractor brought his bill for an account and
general relief. The bill was dismissed on demurrer. On appeal—
HELD:
    Employer having successfully obstructed contractor's remedy at
      law, the latter is entitled to relief in a court of equity. *Rad-
      cliffe* v. *High*, 2 Rob. 271.

Appeal from decree of hustings court of city of Roanoke,
rendered 23d April, 1886, in a chancery cause therein pend-
ing wherein J. G. Johnson is complainant and the Roanoke
Land and Improvement Company is defendant.

The bill alleges that in the month of August, 1883, the
complainant entered into two written contracts under seal with
the defendant company for the building of several dwelling-
houses in the city of Roanoke; that when the contracts were
entered into, it was the understanding that the defendant com-

pany would have duplicates made, one for each of the parties, and for this purpose both contracts, when executed, were left in the company's possession; that the specifications and drawings were left with the complainant, who at once proceeded to execute the contracts.

The bill also alleges that during the progress of the work, the complainant repeatedly applied to the defendant company for copies of the contracts, but that as often as the request was made, it gave some excuse for delay, saying, generally, that the papers had been sent to Philadelphia, in which city the principal officers of the company resided, and that in a short while they would be copied and returned. And that the complainant, having the specifications and drawings by which to do the work, and reposing the utmost confidence in the officers of the company, pushed on with his contract as rapidly as possible. Copies of the contracts are exhibited with the bill. The fifth clause in each is as follows:

"Should the owner at any time during the progress of the work require any alterations of, deviations from, additions to, or omissions in said contract, he shall have the right and power to make such change or changes, and the same shall in no way injuriously affect or make void the contract, but the difference shall be added to or deducted from the amount of the contract as the case may be, by a fair and reasonable valuation."

The bill alleges that the owner (the company) did, during the progress of the work, require alterations of, additions to, and changes in, the said work to be made, and that the same were made whenever so required, and that the costs of the said changes and alterations in the houses named in the first agreement, by a reasonable valuation, amounted to the sum of twenty-two hundred dollars, and that like changes and alterations in constructing the houses named in the second

contract, by a reasonable valuation, amounted to the sum of two hundred and sixty dollars and twenty-four cents.

The eight clause of each contract provides as follows:

"No work shall be considered extra unless a separate estimate in writing for the same be submitted by the contractor to the architect, and their signatures be obtained thereto."

The bill alleges that this stipulation was never complied with during the progress of the work, and that copies of the contracts not having been furnished to the complainant by the company, as agreed upon, it had entirely escaped his recollection until after the completion and acceptance of the work; that whenever the proper officers of the company required changes to be made during the progress of the work, the complainant, relying on their good faith and integrity, complied with their instructions, and that with the full knowledge of the architect and engineer of the company he made material and costly alterations in the work, which were satisfactorily done and duly accepted.

The bill also alleges that the whole of the work was completed in a good, substantial, and workman-like manner, and that the defendant company received and took possession of the work, and has since been in the possession and enjoyment of the same.

It also alleges that there is due to the complainant by the company a balance on account of alterations in the original plans and specifications of the work, made in pursuance of the directions of the company, which the latter wrongfully refuses to pay; that to recover this balance, the complainant instituted his action of covenant on the sealed contracts, but that being met by an objection on the part of the company to the introduction before the jury of any evidence as to alterations in the original plan of the work, on the ground that such extra work was not done upon estimates in writing, signed by

the architect of the company, according to the provisions of the eighth article of the respective contracts, which objection the court sustained, the complainant was compelled to dismiss his action at law, and to seek the aid of a court of equity.

Accordingly the prayer of the bill is for an account, and for general relief.

The defendant demurred to the bill, and the demurrer was sustained by the decree complained of.

*Penn & Cocke*, for the appellant.

*Griffin & Watts*, for the appellee.

LEWIS, P., delivered the opinion of the court.

The bill alleges that the defendant company wrongfully and in violation of the understanding between the parties, withheld copies of the sealed contracts until after the completion of the work, but, nevertheless, directed, and received the benefit of, many alterations in the original plan of the work, which involved the expenditure of much additional time and money by the complainant.

These allegations the demurrer admits to be true.

Ought the company, then, being thus in default, and having received the benefit of the complainant's expenditures, to be permitted by technical objections to defeat a recovery, when, but for that default, there would probably have been no departure from the written contracts? Clearly it ought not to be heard to make such a defence. The complainant, under the circumstances—the original contracts being in Philadelphia, and copies not having been made—may have not unnaturally overlooked the requirements in respect to the written estimates and signature of the company's engineer, as he alleges in the

bill was the fact, and have relied upon the good faith of the company to make compensation for the alterations and extra work.

Nor is it necessary to inquire whether the complainant was absolved from the necessity of complying with that requirement by reason of the company's failure to furnish copies of the contracts; or, in other words, whether the remedy at law is adequate and complete. For however that may be, it is not for the company to say that it is, having prevented a recovery at law.

The case is analogous in principle, to that of *Radcliffe* v. *High*, 2 Rob. 271. There the plaintiffs sold and conveyed to the defendant a tract of land, reciting in the deed that the purchase money had been paid. In point of fact, the purchase money had not been paid. Afterwards, in an action of *assumpsit* for the purchase money, the defendant filed a plea of estoppel, relying upon the acknowledgment of payment in the deed; and the plaintiffs, being satisfied that the plea would prevent their recovery at law, dismissed the action. Thereupon, they filed their bill in equity, praying that the defendant be decreed to pay the purchase money. The circuit court dismissed the bill, but on appeal to this court, the decree was reversed.

Judge Stanard, in delivering the opinion of the court, said that the legal remedy having been successfully obstructed by the plea at law, the case was a clear one for equitable relief. "The court," he said, "without deciding whether the defence ought to have availed at law, is of opinion that in this case it is not for the defendant to say it ought not, while he enjoys the benefit of the successful use of it at law." A decree was accordingly entered for the plaintiffs.

In *Sturtevant* v. *Goode*, 5 Leigh, 83, the parties entered into articles of agreement for the erection of a house upon certain terms. The defendant (the owner) retained possession of the

agreement, and refused to deliver it up, so that the plaintiff being embarrassed in the prosecution of his action at law, dismissed it. He thereupon sought relief in equity, and the jurisdiction was sustained. "I have rarely known a case," said Tucker, P., "in which the objection to the jurisdiction of equity was made with less propriety by a defendant."

In the present case copies of the contracts, it is true, were furnished, but not until after the work had been completed and accepted. And had they been furnished at the time agreed upon, as a guide for the action of the parties, it is quite probable this controversy would not have arisen.

We are satisfied the bill on its face presents a proper case for equitable relief. To hold otherwise would be to permit the defendant company to take advantage of its own wrong; for having withheld the contracts during the entire progress of the work, it would be a fraud upon the complainant for it now to escape liability for work done at its own direction, and of which it has received the benefit, on the ground of a mere technical departure from the letter of the contracts.

Moreover, independent of any question of fraud, a court of equity is not always governed, in the enforcement of contracts, by the same rules which prevail at law. It often happens that relief is decreed, in respect to contracts, where, from some lack of legal formality or condition, no action at law can be maintained. Cases of this class, says a learned writer, "embrace those contracts in which the plaintiff, by reason either of some extrinsic circumstance, or of his own default, has not performed, or even cannot perform, all the conditions on his part necessary to be performed in order that an action at law may be maintained thereon; but which, nevertheless, a court of equity regards as binding and will enforce," a distinction being observed between those stipulations which are of the essence

of the contract and those which are not. 3 Pom. Eq., sec. 1297.

It follows that in sustaining the demurrer the hustings court erred. The decree will therefore be reversed, the demurrer overruled, and the cause remanded for further proceeding.

FAUNTLEROY, J., dissented.

DECREE REVERSED.